[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

No. 01-14658
Non-Argument Calendar
_____

INS No.  A74-906-261

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 08, 2002
THOMAS K. KAHN
CLERK

CARISSA ANN MARIE DOMINGUEZ,

Petitioner-Appellant,

versus

UNITED STATES ATTORNEY GENERAL,
IMMIGRATION AND NATURALIZATION SERVICE,

Respondents-Appellees.

_____

Petition for Review of an Order
of the Board of  Immigration Appeals
_____

(March 8, 2002)

Before ANDERSON, Chief Judge,  CARNES and HULL, Circuit Judges.

PER CURIAM:

Carissa Ann Marie Dominguez is a Jamaican citizen whose non-immigrant

visitor visa expired on January 25, 1991.  In September 1997 Dominguez applied

for lawful permanent status.  That status was denied in March 2000, at which time

removal proceedings were initiated. On September 19, 2000, notice to appear at the November 14, 2000 removal proceeding was mailed to Dominguez at a Jacksonville, North Carolina address. She does not deny that the address to which the notice was sent was the address which she had given the INS in her formal submission.

Dominguez did not appear at the removal hearing, and was ordered removed in absentia on November 14, 2000. On November 24, 2000, she moved to reopen that decision, claiming that she had not received constitutionally sufficient notice. The court denied that motion, noting that she had no proof, other than an uncorroborated affidavit, that she did not receive notice. Dominguez appealed the immigration judge's denial of her motion to reopen her case to the Board of Immigration Appeals (BIA). The BIA subsequently dismissed that appeal. It is from the BIA's dismissal that she now appeals.

We review the BIA's denial of a motion to reopen a deportation order for abuse of discretion. Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999).

Dominguez contends that the notice afforded her violated due process, and therefore the deportation order should be rescinded. The record reveals that written notice of the hearing was sent to the address most recently provided by Dominguez. Dominguez asserts, however, that the INS could have sent the notice

to her sister, whose address she gave to INS agents during an oral interview in 1997. Supporting her assertion, Dominguez proffered a sheet allegedly coming from her INS file which she obtained in a Freedom of Information Act request; the sheet revealed a handwritten note as follows:

> staying with cousin -
> Staying in California
> 1608 Bragmont Street
> Cohena, CA 91722

Dominguez argues that this handwritten note should have been sufficient to put the INS on notice that they needed to send notice to another address.

We disagree. Due process is satisfied so long as the method of notice is conducted "in a manner 'reasonably calculated' to ensure that notice reaches the alien". Id. at 1278, citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 318 (1950). The INS has a duty to provide written notice to those appearing before it in a hearing. 8 U.S.C. § 1229(a)(1). Section 1229(a)(1) provides in relevant part:

> In removal proceedings under section 1229a of this title, written
>
> notice (in this section referred to as a 'notice to appear') shall be given
>
> in person to the alien (or, if personal service is not practicable,
>
> through service by mail to the alien or to the alien's counsel of record,

if any) specifying the following:

. . .

(F)(i) The requirement that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 1229a of this title [removal proceedings].

(ii) The requirement that the alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number.

8 U.S.C. § 1229(a)(1).

Pursuant to 8 U.S.C. § 1229(c), the notice specified in § 1229(a) is effective if sent to the "last address provided by the alien."[1]  Indeed, an alien has an affirmative duty to provide the government with a correct address; under 8 U.S.C. § 1305(a),[2] the alien must notify the attorney general within ten days from the date

---

[1]  8 U.S.C. § 1229(c) states:
Service by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F) of this section.

[2] 8 U.S.C. § 1305(a) states, in pertinent part:
Each alien required to be registered under this subchapter who is within the United States shall notify the Attorney General in writing of each change of address and new address within ten days from the date of such change and furnish

of a change of address.  See also 8 C.F.R. § 265.1.[3]  Failing to provide the INS

with a change of address will preclude the alien from claiming that the INS did not

provide him or her with notice of a hearing.  See 8 U.S.C. § 1229a(5)(B) ("No

written notice shall be required . . . if the alien has failed to provide the address

required under section 1229(a)(1)(F) of this title").

In addition to those clear statutory requirements, we also recognize the Fifth

Circuit's decision in United States v. Estrada-Trochez, 66 F.3d 733 (5th Cir. 1995),

in which that court held that notice sent to the alien's last known address satisfied

due process, even though the alien argued that the INS could have easily notified

his family.  Id. at 736.  As the Fifth Circuit recognized, it is the alien's statutory

duty to notify the government of each change of address within ten days of the date

of that change.  8 U.S.C. § 1305(a).  The Fifth Circuit concluded:  the "ultimate

fault lies with the Appellant for [her] failure to comply with a law that is essential

to the administration of the INS."  Estrada-Trochez, 66 F.3d at 736.

The statute clearly provides that notice to the alien at the most recent address

provided by the alien is sufficient notice, and that there can be an in absentia

---

with such notice such additional information as the Attorney General may require
by regulation.

[3]8 C.F.R. § 265.1 states, in pertinent part:
Except for those exempted by section 263(b) of the Act, all aliens in the United
States required to register under section 262 of the Act shall report each change of
address and new address within 10 days.

removal after such notice.[4] It is clear that the notice of the November 14, 2000 hearing was properly sent to the most recent address provided in writing by Dominguez pursuant to the foregoing statutory requirements. The handwritten note relied upon by Dominguez does not satisfy the statutory requirement that the notice be in writing. Moreover, the record does not support Dominguez's argument that the handwritten note proved even an informal notice to INS of her address as of the INS's September 19, 2000 notice to her scheduling the November 14, 2000 hearing. At best, the note merely suggested that Dominguez was staying at that California address at that particular time in November 1997, not that she was residing there; Dominguez's own assertion is that she moved from her Jacksonville, North Carolina address in March 1999; also, there is no proof as to when the handwritten note was made a part of Dominguez's file, or if it was there as of September 2000; finally, the address on the handwritten note is different from the address in her notice of appeal.    We readily conclude that Dominguez's due process argument is without merit. Her other arguments are rejected without need for discussion.

AFFIRMED.

---

[4] 8 U.S.C. § 1229a(b)(5)(B) states:
No written notice shall be required [in a removal proceeding] if the alien has failed to provide the address under section 1229(a)(1)(F) of this title.