[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13592
Non-Argument Calendar
_____

Agency No. A78-952-040

ORMIDA CRUZ PEREIRA,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

No. 04-13593
Non-Argument Calendar
_____

Agency No. A78-952-037

CLARA LORETA COMEZ CRUZ,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____
(August 31, 2005)

Before ANDERSON, BLACK and HULL, Circuit Judges

PER CURIAM

Ormida Cruz Pereira ("Cruz-Pereira") and her adult daughter, Clara Gomez Cruz ("Gomez-Cruz"), both citizens and nationals of Cuba, petition this court for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA's decision affirmed the Immigration Judge's ("IJ's") denial of the petitioners' motion to reconsider the IJ's prior ruling refusing to reopen their removal proceedings. After review, we dismiss the petition in part for lack of jurisdiction and deny it in part.[1]

## I. BACKGROUND

On August 22, 2002, Cruz-Pereira and Gomez-Cruz arrived at the Gateway port of entry to the United States in Brownsville, Texas, and applied for admission

_____

[1]This Court granted Cruz-Pereira's and Gomez-Cruz's motion to consolidate their appeals. Additionally, their cases were consolidated throughout all of the administrative proceedings.

as intended immigrants. Because neither had valid entry documents, they were each served with a Notice to Appear ("NTA"), charging that they were subject to removal pursuant to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). Each petitioner's NTA indicated that the time and date of her removal hearing before an IJ was "[t]o be determined."

The petitioners were then paroled into the United States. Immigration authorities required each petitioner to provide an address at which they could be contacted. Cruz-Pereira's stated that her address in the United States was to be "1710 SW 86th Ave., Miramar, FL 33025." Gomez-Cruz provided the same address, "1710 SW 86th Ave., Miramar FL," except that she listed the zip code as "3302<u>3</u>" instead of "3302<u>5</u>."

## A. Notice and Original Removal Proceeding

On September 5, 2002, a "Notice of Hearing in Removal Proceeding" was mailed from the Immigration Court in Miami, Florida to each petitioner. These notices stated that the petitioners' hearing would occur on May 9, 2003, at 9:00 a.m. One notice was properly addressed to Cruz-Pereira at "1710 S.W. 86th Ave., <u>Miramar</u>, FL 33025," as this was the address Cruz-Pereira gave. The other notice was incorrectly addressed to Gomez-Cruz at "1710 S.W. 86th Ave., <u>Miami</u>, FL 3302<u>3</u>." The notice incorrectly listed the city as Miami, as the address Gomez-Cruz gave was in Miramar, not Miami. However, the notice did correctly list the

3

zip code incorrectly given by Gomez-Cruz. Despite these mistakes, the petitioners concede that they received these notices.

The notices contained the following language instructing the petitioners to notify the Immigration Court if the address contained on the notice was incorrect:

> IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT IN MIAMI, FL [A FORM WITH YOUR CORRECT ADDRESS] . . . . CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

Despite the incorrect address on her notice, Gomez-Cruz did not file any change of address form.

The Immigration Court's records indicate that a second notice was sent to each petitioner on October 10, 2002. The second notices informed petitioners of a different date, February 21, 2003, on which their hearing was to occur. These second notices were sent in the same manner as the September 5 notices, being mailed to Cruz-Pereira at the correct address in Miramar and to Gomez-Cruz at the incorrect address in Miami. Petitioners claim that they did not receive these notices.[2]

---

[2]Cruz-Pereira claims that she did not receive that October 10 notice despite its being mailed to the address she gave.

4

Petitioners did not appear at the February 21, 2003 hearing. The IJ ordered them removed in absentia. An Order of Removal, dated February 21, 2003, was sent to the same addresses (one correct, one incorrect) informing the petitioners that they had been ordered removed. Petitioners concede that they received these orders, but claim that they were completely surprised to learn of the February 21, 2003, hearing date and had been preparing to attend a hearing on May 9, 2003.

**B.    Attempt to Reopen Proceedings**

On April 28, 2003, the petitioners moved to reopen the removal proceedings. Gomez-Cruz argued that she did not receive the October 10 notice of the February 21 hearing because the notice was sent to Miami, an incorrect address. Cruz-Pereira indicated that she did not know why she did not receive the October 10 notice, but asserted that it may have been related to the incorrect address used for her daughter.

In an order dated May 8, 2003, the IJ denied their motion to reopen, stating that the petitioners had "not established a lack of notice for [their] removal hearing." The IJ reasoned that (1) the notice was mailed, (2) "THE NOTICE WAS NOT RETURNED," and (3) "the respondent[s] acknowledge[] that it is [their] address." Petitioners did not appeal this May 8, 2003 ruling to the BIA.

On June 6, 2003, the petitioners filed a motion to reconsider the IJ's denial of their motion to reopen. In this motion, the petitioners alleged that they had not

5

received the October 10 notices because they were sent to the wrong addresses. The petitioners also stated their belief that Gomez-Cruz had mistakenly provided the incorrect zip code (3302<u>3</u>) when she filled out her immigration forms upon entry to the United States.

On July 23, 2003, the IJ denied petitioners' motion to reconsider the denial of their motion to reopen. The IJ stated that "the assertions in the motion are not credible." In addition, the IJ noted that if the petitioners provided an incorrect address, then the petitioners "have not complied with the address reporting requirements." The IJ also stated that "[t]he court sent notice to the address that [the petitioners] used on [their] asylum application [which was signed by petitioners]." Thus, the IJ concluded that the petitioners "failed to meet the burden required to reopen proceedings."

## C.    Appeal to the BIA

On August 21, 2003, Cruz-Pereira and Gomez-Cruz appealed to the BIA. Their Notice of Appeal indicated that they were appealing from the IJ's July 23, 2003 decision denying their June 6, 2003 motion to reconsider. In their brief, they argued that because Gomez-Cruz's notice was sent to the incorrect Miami address instead of to the correct address in Miramar, the petitioners did not receive proper

notice of their hearing and thus the proceedings should have been reopened.  The

BIA affirmed "without opinion the results of the decision below."[3]

## II. DISCUSSION

We first explain why we lack jurisdiction to consider the IJ's May 8, 2003

order denying petitioners' motion to reopen, and have jurisdiction to consider only

the IJ's July 23, 2003 order denying the petitioners' motion to reconsider that

denial.

### A.    Jurisdiction

Because petitioners must exhaust their administrative remedies before filing

a petition for review, we may review an IJ's decision only if petitioners first

appealed that decision to the BIA.   See 8 U.S.C. § 1252(d) (stating that a "court

may review a final order of removal only if (1) the alien has exhausted all

administrative remedies available to the alien as of right . . ."); De La Teja v.

United States, 321 F.3d 1357, 1366 (11th Cir. 2003) (concluding that a petitioner's

failure to appeal an IJ's decision to the BIA prevents this Court from reviewing the

IJ's decision).

In this case, petitioners filed their appeal with the BIA on August 21, 2003.

Their August 21, 2003 Notice of Appeal made clear that they were appealing only

_____

[3]Because the BIA affirmed without opinion the decision of the IJ, we review the IJ's decision as the final agency determination.  Lonyem v. United States Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003).

7

from the IJ's July 23, 2003 decision denying their motion to reconsider. Because petitioners failed to appeal to the BIA the IJ's May 8, 2003 order, we lack jurisdiction to review that order as petitioners failed to exhaust their remedies.

Even if the petitioners' August 21, 2003 Notice of Appeal had attempted to appeal the IJ's earlier May 8, 2003 decision denying their original motion to reopen, the relevant regulations would have barred that appeal as untimely. See 8 C.F.R. § 1003.38 (b) ("The Notice of Appeal to the [BIA] shall be filed . . . within 30 calendar days after . . . the mailing of an [IJ's] written decision."). If petitioners had wanted to appeal the IJ's May 8, 2003 decision denying their original motion to reopen, they would have had to do so by Monday, June 9, 2003, which they did not. Accordingly, we proceed to review only the IJ's July 23, 2003 order denying the motion to reconsider.

**B.      IJ's Denial of Motion to Reconsider**

With respect to the denial of their motion to reconsider, Petitioners argue that the IJ abused its discretion in determining that the notices sent to them were sufficient.[4] We disagree. As to Cruz-Pereira, the Immigration Court's records

---

[4]We review an IJ's ruling on a motion for reconsideration only for an abuse of discretion. Assa'ad v. United States Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). Motions to reopen and motions to reconsider are generally disfavored. See INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724 (1992). In addition, where an alien has been ordered removed in absentia, an IJ may grant a motion to reconsider only if the alien demonstrates (1) that the "failure to appear was because of exceptional circumstance" or (2) that the alien did not receive proper notice. See 8 C.F.R. § 103.23(b)(4)(ii); see also Lonyem, 352 F.3d at 1340.

show that the October 10, 2002 notice changing the hearing date to February 21, 2003, was mailed to Cruz-Pereira's correct address. Simply put, this is sufficient notice. See Dominguez v. United States Att'y Gen., 284 F.3d 1258, 1260 (11th Cir. 2002) (citing 8 U.S.C. § 1229(c)) (stating that written notice mailed to last address provided by alien satisfies statutory requirements and due process, and that "there can be an in absentia removal after such notice"). Thus, the IJ clearly did not abuse its discretion as to Cruz-Pereira.

As to Gomez-Cruz, while the issue is somewhat different, her argument also fails. Gomez-Cruz was under an obligation to provide an address "at which [she] may be contacted." 8 U.S.C. § 1229(a)(1)(F); see also Dominguez, 284 F.3d at 1260 (noting that "an alien has an affirmative duty to provide the government with a correct address") (emphasis added). Gomez-Cruz failed this obligation in two aspects.[5] First, the address she gave contained the wrong zip code (3302<u>3</u> instead of 3302<u>5</u>). Second, and more importantly, an alien who receives a notice to appear with an incorrect address must notify the court of that incorrect address within five days, and provide "written notice of an address and telephone number at which the alien can be contacted." 8 C.F.R. § 1003.15(d)(1). In this case, Gomez-Cruz concedes that she received the September 5, 2002 notice setting her hearing date

---

[5]Where an alien fails to abide by the address-reporting requirements, the immigration statutes provide that "no written notice shall be required." 8 U.S.C. § 1229a(b)(5)(B).

for May 9, 2003. That notice expressly explained Gomez-Cruz's obligation to inform the Immigration Court if the September 5 notice contained an incorrect address. It is undisputed that Gomez-Cruz did not contact the Immigration Court regarding the incorrect address. Subsequent mailings, including the crucial October 10, 2002 notice re-setting the hearing for February 21, 2003, continued to be sent to the same address shown on the September 5 notice. In light of Gomez-Cruz's admitted receipt of the September 5 notice and her failure to advise the immigration authorities that the September 5 notice was sent to an incorrect address, we cannot say that her due process rights were violated or that the IJ abused its discretion when it concluded that the October 10 notice was sufficient.

Thus, mindful of the great deference we afford the BIA and IJ when reviewing motions to reopen and motions to reconsider, we find no reversible error with respect to Gomez-Cruz's petition.[6]

### III. CONCLUSION

Accordingly, to the extent the petitioners seek review of the IJ's May 8, 2003 order, we dismiss the petition for lack of jurisdiction. To the extent the petitioners seek review of the IJ's July 23, 2003 order, we deny the petition.

---

[6]The government argues that the petitioners waived any arguments with respect to the IJ's July 23, 2003 denial of the motion to reconsider because the petitioners did not argue that specific ruling in their initial brief in this Court. We disagree. The substance of all of the relevant legal issues relating to the motion to reconsider was fully briefed, and we will consider it.

DISMISSED, in part, and DENIED.