**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 5, 2005
THOMAS K. KAHN
CLERK

_____

**No. 04-14965**
**Non-Argument Calendar**

_____

BIA No. A75-790-052


IOLYN AGATA MCENOUGH-WATSON,

                                        Petitioner,

     versus

U.S. ATTORNEY GENERAL,

                                        Respondent.


_____

**Petition for Review of an Order of the**
**Board of Immigration Appeals**

_____

**(December 5, 2005)**


**Before BIRCH, CARNES and MARCUS, Circuit Judges.**


**PER CURIAM:**

Iolyn Agata McEnough-Watson petitions for review of the Board of Immigration Appeal's ("BIA") order affirming, without opinion, the Immigration Judge's ("IJ") decision to deny her motion to reopen her in absentia removal proceedings. We **DENY** her **PETITION**.

## I. BACKGROUND

On 19 December 1990, McEnough-Watson, a native and citizen of Jamaica, entered the United States on a B-2 non-immigrant visa with authorization to remain until 18 June 1991. In May 1997, McEnough-Watson filed an application for adjustment of status based upon her marriage to a United States citizen. On the application, McEnough-Watson listed her mailing address as 6980 Roswell Road, Apartment L-4, Atlanta, Georgia, 30328. AR at 66 ("McEnough-Watson's Atlanta address").[1]

On 7 April 2000, the INS issued McEnough-Watson a Notice to Appear ("NTA") which stated that she was subject to removal because she had remained in the United States for a longer period of time than permitted. The INS mailed the NTA to McEnough-Watson's Atlanta address. On 1 June 2000, the Immigration Court sent a hearing notice to the same address and directed McEnough-Watson to appear before an IJ on 23 January 2001, at 9:00 a.m. McEnough-Watson did not

---

[1] The INS denied McEnough-Watson's status-adjustment application for lack of prosecution on or about 20 November 1998.

appear at the 23 January hearing, and the IJ conducted the hearing in absentia. The IJ concluded that the INS had established by clear, convincing, and unequivocal evidence that McEnough-Watson was removeable as charged and ordered McEnough-Watson removed to Jamaica.

On 28 March 2003, McEnough-Watson, acting through counsel, filed a motion to reopen her removal proceedings and argued, inter alia, that she had not received proper notice of the removal hearing. She claimed that, in August 1997, she had moved to a new address and had notified promptly the INS of the change by filing a "change of address" form. Id. at 52. Additionally, she alleged that she "never heard from, or received any reply from the INS" despite her numerous attempts to contact the INS about the status of her adjustment application. Id. at 51. McEnough-Watson attached several documents to her motion, including: (1) copies of letters that she allegedly sent to the INS in 1998, 1999, and 2002; (2) copies of return receipts, which, based on the dates listed, do not appear to correspond to McEnough-Watson's letters; and (3) an undated information Form G-14.[2] In the letters to the INS, McEnough-Watson requested assistance in locating her file and claimed that she had made numerous attempts to ascertain the

---

[2] In her notice of appeal to the BIA, McEnough-Watson claimed that she completed this form in March 1998.

3

status of her application.[3]  The undated G-14 Form lists McEnough-Watson's present address as "4960 NW 42nd" St., Lauderdale Lakes, Florida, 33319 ("McEnough-Watson's Lauderdale Lakes address").  Id. at 62.  The G-14 form lists McEnough-Watson's Atlanta address as the address that had been given on her application for adjustment of status.

The IJ denied McEnough-Watson's motion to reopen.  Noting that (1) McEnough-Watson did not provide an affidavit in support of her assertions;  (2) the letters that McEnough-Watson sent to the INS did not contain proper notification of a change of address; and (3) the Department of Homeland Security contended that none of the notices sent to the Atlanta address were returned as undeliverable, the IJ concluded that McEnough-Watson was charged with receiving the NTA and notice of hearing.  Additionally, the IJ concluded that her motion to reopen was untimely for consideration as an exceptional circumstances claim because it was filed more than 180 days after the order of removal.

McEnough-Watson, proceeding pro se, filed a notice of appeal with the BIA.  In a supporting brief, McEnough-Watson reasserted her claims that she had (1) repeatedly attempted to ascertain the status of her application with the INS and (2) notified the INS that she had moved from her Atlanta address.  Additionally,

---

[3] The return address contained in the 1998 and 1999 letters is McEnough-Watson's Lauderdale Lakes address.  **[Id. at 57, 58.]** The return address contained in the 2002 letter is Wyndham Lakes/Mayfair; 5347 NW 126 Drive; Coral Springs, FL 33076. **[Id. at 55].**

McEnough-Watson submitted, inter alia, the G-14 form that she previously had submitted in support of her motion to reopen. In the form submitted on appeal to the BIA, the document contained a handwritten notation in the upper left-hand corner that stated "[r]eceived 2/98." The government adopted the IJ's decision in lieu of submitting an independent brief. The BIA affirmed, without opinion, the IJ's decision pursuant to 8 C.F.R. § 1003.1(e)(4).

## II. DISCUSSION

On appeal, McEnough-Watson argues that the IJ's decision that she was chargeable with having received the NTA and the notice of hearing was based on erroneous findings of fact because she never received the NTA and acted diligently by seeking information from the INS regarding the status of her application for adjustment of status.[4] She contends that she (1) did not receive the NTA prior to moving from the Atlanta, Georgia, address that she had listed on her application, and (2) personally submitted a change of address form with the INS. McEnough-Watson also asserts that the return receipts and the letters that she submitted to the

---

[4] Although she contends that her repeated efforts to communicate with the INS about her change of address and the status of her application qualify as "exceptional circumstances," McEnough-Watson does not appear to challenge the IJ's finding that the motion to reopen for exceptional circumstances was untimely. Accordingly, she has abandoned this argument on appeal. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

5

IJ refutes the INS's claim that it never received any communications from her and was not aware of her new address.[5]

We review the BIA's denial of a motion to reopen for abuse of discretion. Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). Our review "is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (per curiam) (citation omitted). When the BIA summarily affirms the decision of IJ without an opinion, as in this case, we review the IJ's decision as the final removal order. See Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003) (per curiam).

After written notice has been provided to the alien or her counsel of record, an alien who does not attend a proceeding "shall be ordered removed in absentia" if the INS establishes by "clear, unequivocal, and convincing evidence" that it gave written notice and that the alien is removable. 8 U.S.C. § 1229a(b)(5)(A). Such a removal order may be rescinded, however, "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance

---

[5]Because McEnough-Watson's removal proceedings commenced after 1 April 1997, our review is governed by the permanent provisions of the Immigration and Nationality Act, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996). See Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003) (per curiam); 8 U.S.C. § 1252.

with paragraph (1) or (2) of section 1229(a)." 8 U.S.C. § 1229a(b)(5)(C)(ii).[6] Additionally, an _in absentia_ removal order may be rescinded if, within 180 days of the order, the alien moves to reopen and demonstrates that she failed to appear due to exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i).

Service by mail of written notice is deemed "sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F)" of 8 U.S.C. § 1229, which requires an alien to notify the Attorney General of (1) an address at which she may be contacted regarding removal proceedings and (2) a written record of any change of address. See 8 U.S.C. § 1229(c); 8 U.S.C. § 1229(a)(1)(F)(i)-(ii). We have recognized that "[t]he statute clearly provides that notice to the alien at the most recent address provided by the alien is sufficient notice, and that there can be an in absentia removal after such notice." Dominguez v. United States Att'y Gen., 284 F.3d 1258, 1260 (11th Cir. 2002) (per curiam).

After a review of the record and the briefs of the parties in this case, we conclude that the evidence in the record does not support McEnough-Watson's claim that she provided the INS with a written record of her change of address

---

[6] The NTA "shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." 8 U.S.C. § 1229(a)(1).

within the meaning of 8 U.S.C. § 1229(c).[7] The record contains no evidence that McEnough-Watson submitted a change of address form to an INS agent in Atlanta. Further, even assuming arguendo that McEnough-Watson's 1998 and 1999 letters served to inform the INS that her new address was the Lauderdale Lakes address by listing it as the return address, McEnough-Watson submitted only her copies of those letters and no evidence that they were sent to or received by the INS. Accordingly, the record demonstrates that the INS and the Immigration Court sent the NTA and the hearing notice to the most recent address provided by McEnough-Watson, and the IJ did not abuse its discretion by denying the motion to reopen.

### III. CONCLUSION

Because the IJ did not abuse his discretion in denying McEnough-Watson's motion to reopen, her **PETITION** is **DENIED**.

---

[7] We directed that the record be supplemented with two documents that the IJ referenced in his 23 January 2001 written decision that were not included in the record in this case: the Petition for Alien Relative (I-130) ("Petition") filed by McEnough-Watson's spouse, Winston Watson, in April 1997, and the 20 November 1998 Denial of the Petition for Alien Relative.

In the Petition, Winston indicated that his address, and that of his wife, McEnough-Watson, was 6980 Roswell Road, L4, Atlanta, Georgia 30328, the same address that McEnough-Watson provided as her Atlanta address. 1SR, Petition at 1. The Petition was signed by Watson on 16 March 1997, and filed with INS on 2 May 1997. Id. 1, 2. It gave the Atlanta address as the address where McEnough-Watson intended to live and provided 4960 N.W. 42nd St., Lauderdale Lakes, Florida, as the last address where Watson and McEnough-Watson had both lived together from September 1993 until January 1997. Id. at 2. The Lauderdale Lakes address furnished by Watson as their former address is the same address that McEnough-Watson claims that she provided to the INS as a change of address in August 1997.

The 20 November 1998 Denial was sent separately to Watson and to McEnough-Watson at the Atlanta address. See 1SR at Decision (Form I-292) and Decision on Application for Status as Permanent Resident (Form I-291).