[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10670
Non-Argument Calendar

_____

Agency No. A95-907-186

JANIO CLAUDIR CAVILHA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 30, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Janio Claudir Cavilha, a Brazilian national proceeding pro se, petitions for

review of the Board of Immigration Appeals's ("BIA's") decision adopting and

affirming an Immigration Judge's ("IJ's") order denying his motion to reopen proceedings. After review, we dismiss the petition for review.

## I. BACKGROUND

On October 26, 2004, the Department of Homeland Security ("DHS") served Cavilha with a notice to appear charging him with removability for remaining in the United States for longer than permitted, in violation of INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). The notice was served at 100 SV 12 Ave., Deerfield Beach, Florida. The notice advised Cavilha that he was required to provide the DHS, in writing, his full mailing address and that notices of hearings would be mailed to that address. The notice further instructed Cavilha that, if he failed to attend his scheduled hearing, a removal order could be entered by an IJ in his absence.

On November 2, 2004, the DHS mailed to Cavilha's Deerfield Beach address a notice that his hearing was scheduled for June 22, 2005. This notice also warned Cavilha that his failure to appear would likely result in a removal order being entered against him and that he had a responsibility to provide the DHS with his most recent address if it was different from the one listed on his notice to appear. On March 5, 2005, the DHS mailed to the same Deerfield Beach address a notice that Cavilha's hearing had been rescheduled for June 8, 2005.

Cavilha failed to appear at the June 8, 2005 hearing, and the hearing was

2

conducted "in absentia," pursuant to INA § 240(b)(5)(A), 8 U.S.C.

§ 1229a(b)(5)(A). After the DHS submitted documentary evidence establishing

the factual allegations in the notice to appear, the IJ entered an order of removal.

In the removal order, the IJ noted that Cavilha had received written notification of

the time, date and location of his hearing at his Deerfield Beach address and was

warned of the consequences of failing to attend. The removal order was also sent

to Cavilha's Deerfield Beach address.

On July 26, 2005, Cavilha filed a motion to reopen proceedings. An

accompanying appearance form filed by Cavilha's attorney listed Cavilha's

address as 6766 Willow Lake Circle, Fort Myers, Florida. In his motion, Cavilha

argued that the first attorney he had retained to represent him in the immigration

proceedings failed to inform him of the hearing dates. In an accompanying

affidavit, Cavilha averred that he never received the DHS's notice about either the

June 22, 2005 hearing or the June 8, 2005 hearing.

The IJ denied Cavilha's motion to reopen proceedings, finding that notice

had been sent to him at his last known address provided to the DHS. Cavilha

appealed the decision, arguing that his motion should be granted due to lack of

proper notice and ineffective assistance of counsel. The BIA adopted and affirmed

the IJ's decision and dismissed the appeal. The BIA found that Cavilha had failed

to establish that the Deerfield Beach address was incorrect. The BIA further

3

pointed out that the notice to appear sent to that address was not returned as undeliverable and that Cavilha had never claimed non-receipt of the notice to appear. As to the ineffective assistance claim, the BIA found that the notice of his hearing was mailed directly to him, not his attorney, and, in any event, that Cavilha had failed to meet the requirements for such a claim as set forth in Matter of Lozada, 19 I&N Dec. 637 (BIA 1988). Cavilha then petitioned this Court for review.

## II. DISCUSSION

On appeal, Cavilha argues that the BIA abused its discretion by denying his motion to reopen. "The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). A final order of removal that has been entered in absentia may be rescinded only if: (1) the alien files a motion to reopen within 180 days of the order's entry and successfully demonstrates that the failure to appear was because of exceptional circumstances; or (2) the alien demonstrates that he or she did not receive the notice to appear in accordance with 8 U.S.C. § 1229(a)(1) and (2). INA § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C)(i).

### A.    Hearing Notice

Cavilha first argues that his motion to reopen should have been granted because he did not receive proper notice of the hearing. Pursuant to 8 U.S.C. § 1229(a)(1), a notice to appear "shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien . . . )." INA § 239(a)(1), 8 U.S.C. § 1229(a)(1). The written notice must contain, among other things, a statement requiring the alien to provide a home address and telephone number to the Attorney General, the time and place the proceedings are to be held, and the consequences of failing to appear absent exceptional circumstances. INA § 239(a)(1)(F)(i)-(iii), 8 U.S.C. § 1229(a)(1)(F)(i)-(iii), (G)(i)-(ii). Pursuant to § 1229(a)(2), if the time or place of the proceedings changes, written notice again must be served personally, or where not practicable, by mail. INA § 239(a)(2)(A), 8 U.S.C. § 1229(a)(2)(A). In addition, "[s]ervice by mail . . . shall be sufficient if there is proof of attempted delivery to the last address provided by the alien . . . ." INA § 239(c), 8 U.S.C. § 1229(c); Dominguez v. United States Att'y Gen., 284 F.3d 1258, 1259-60 (11th Cir. 2002).

If the alien fails to appear as directed, the alien "shall be ordered removed in absentia" if the government "establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). The written notice is sufficient if it was provided at the most recent address given by the alien. Id.; see also United

5

States v. Zelaya, 293 F.3d 1294, 1298 (11th Cir. 2002); Dominguez, 284 F.3d at 1260. However, if the alien failed to provide the required address, no written notice is required. INA § 240(b)(5)(B), 8 U.S.C. § 1229a(b)(5)(B).

The BIA did not abuse its discretion in denying Cavilha's motion to reopen.[1] Cavilha does not dispute that he received his notice to appear at his Deerfield Beach address. Furthermore, there is no evidence that Cavilha ever notified the DHS of his change of address. The Attorney General mailed written notice of the new June 8 hearing date to his Deerfield Beech address, Cavilha's last known address.[2] Therefore, the government provided sufficient notice under 8 U.S.C. § 1229a(b)(5) and § 1229(c).

**B.      Exceptional Circumstances**

Cavilha also argues that he has shown exceptional circumstances for his failure to appear because his attorney was constitutionally ineffective when she failed to advise him of the new June 8 hearing date. Under the Due Process Clause of the Fifth Amendment, "[a]liens enjoy the right to the effective assistance of

---

[1] We review the BIA's denial of a motion to reopen for abuse of discretion. Ali v. United States Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). This review is "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation marks omitted).

[2] No EOIR form indicating representation by an attorney appears in the record until Cavilha's motion to reopen was filed. Thus, while Cavilha may have retained a prior attorney to represent him, DHS was not aware of that representation when the hearing notice was sent to the only address they had on file.

6

counsel in deportation proceedings." Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999). However, when filing a motion to reopen based on a claim of ineffective assistance of counsel, the BIA requires the alien (1) to submit an affidavit attesting to the relevant facts; (2) to inform former counsel of the allegations and allow an opportunity to respond; and (3) if asserting that the prior counsel's handling of the case violated ethical or legal responsibilities, to state whether a complaint has been filed with the appropriate disciplinary authorities, and, if not, why not. See Lozada, 19 I&N Dec. at 639. The BIA does not abuse its discretion by requiring aliens to substantially comply with these procedural requirements. Gbaya v. United States Att'y Gen., 342 F.3d 1219, 1221-23 (11th Cir. 2003).

Here, Cavilha failed to substantially comply with the BIA's procedural requirements. Cavilha has not provided his former counsel with notice of his allegations and an opportunity to respond. Nor has Cavilha filed a complaint against the attorney with the appropriate disciplinary authorities. Thus, the BIA did not abuse its discretion in denying Cavilha's motion to reopen based upon alleged ineffective assistance of counsel.

Even if Cavilha had complied with the BIA's procedural requirements, his attorney's alleged ineffective assistance would not have provided a basis to reopen his proceedings. Cavilha does not contest the validity of the basis for his removal

order, that is, that he overstayed his temporary visitor visa.  Instead, he argues only that, had his attorney notified him of the hearing, he could have filed for discretionary relief in the form of an adjustment of status because he has an offer of employment with a U.S. employer.  However, "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest."  Mejia-Rodriguez, 178 F.3d at 1146.  Accordingly, Cavilha's due process rights could not have been violated.

For all these reasons, the BIA did not abuse its discretion in denying Cavilha's motion to reopen.

**PETITION DENIED.**