[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 14, 2007
THOMAS K. KAHN
CLERK

No. 06-14061
Non-Argument Calendar
_____

BIA No. A97-959-439

TAO LIN,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 14, 2007)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioner Tao Lin, through counsel, seeks review of the Board of Immigration Appeals's ("BIA") decision affirming without opinion the Immigration Judge's ("IJ") order denying Lin's motion to reopen removal proceedings due to ineffective assistance of counsel.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999). "In this particular area, the BIA's discretion is quite broad." *Anin v. Reno*, 188 F.3d 1273, 1276 (11th Cir. 1999) (per curiam) (internal quotation marks and citation omitted). Judicial review of a denial of a motion to reopen in deportation proceedings is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (citation omitted). Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25 (1992).

"We review only the Board's decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th

2

Cir. 2001)(citations omitted). Here, because the BIA adopted the IJ's decision without opinion, we will review the IJ's decision. *See id.*

The record in this case demonstrates that Lin, a citizen of China, attempted to enter the United States in Miami, Florida, on or about November 24, 2004, and was detained by the Department of Homeland Security ("DHS") pending a credible fear interview.

On December 3, 2004, DHS served Lin with a Notice to Appear ("NTA"), charging that Lin was removable, pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who attempted to enter the United States without valid entry documents. The NTA informed Lin that he had a duty to keep the agency apprised of any change of address, that his removal hearing would be at a time and date to be determined, that notice of the hearing would be mailed to his address of record, and that if Lin failed to appear at his hearing, he could be removed *in absentia*. Before being released, Lin listed his address as 16536 Sanford Avenue, Flushing, New York, 11358-0230. Also, prior to his release, an INS language specialist certified that Lin was provided with an EOIR-33 (change of address form) and notified that he must inform the immigration court of any further change of address.

On December 13, 2004, the immigration court mailed Lin a notice of hearing, which was sent to the Flushing, New York, address that Lin had listed as his address. The notice specified the time, date, and location of Lin's hearing.

3

However, the notice was returned with the envelope stamped "return to sender, no forward order on file, unable to forward, return to sender."

Lin never appeared at his July 15, 2005, removal hearing, and the IJ found that the government established removability. The IJ ordered Lin removed *in absentia*. A copy of the order was sent to Lin at the Flushing, New York, address. The order also indicates that the court sent a copy to the attorney for the respondent. Subsequently, through counsel, Lin filed a motion to reopen the removal proceedings. The motion to reopen was accompanied by an affidavit, an application for asylum and withholding of removal, and a change of address form.

Lin claimed, in his motion to reopen, that his failure to appear at the removal hearing was due to exceptional circumstances. Specifically, he claimed that he retained Attorney Yu after being released from the custody of DHS and that Yu rendered ineffective assistance of counsel. Lin claims that he asked Yu to change the venue of his case to New York. He further states that Yu repeatedly checked the Executive Office for Immigration Review hotline in an effort to obtain the date of Lin's hearing. However, Lin did not claim in his affidavit or in his motion to reopen that he either asked Yu to notify the immigration court of a change of address or that Yu represented that he would do so. Lin also contends that Yu told him that if Yu would have called the court, he would have learned of the hearing date and time, and it was his fault that Lin was ordered removed *in absentia*. Yu

4

also told Lin he could file a bar complaint against him, but Lin did not because he thought Yu's mistake had not been intentional.

The IJ denied Lin's motion to reopen. The IJ found that an E-28 notice of appearance as attorney before the immigration court was not previously filed, and it was Lin's responsibility to keep the court apprised as to his address. Additionally, the IJ found that, because notice was sent to the last known address, notice was properly served on Lin.

Lin, through Yu, appealed the IJ's denial of his motion to reopen. The Board affirmed the IJ without opinion.

After reviewing the record and reading the parties' briefs, we conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen. As the BIA correctly noticed, the notice of the hearing was properly served upon Lin. Indeed, we have held that "a mailing to the last known address is sufficient to satisfy the INS's duty to provide an alien with notice of a deportation proceeding." *United States v. Zelaya*, 293 F.3d 1294, 1298 (11th Cir. 2002) (citing *Anin*, 188 F.3d at 1277). Furthermore, we have held that "an alien has an affirmative duty to provide the government with a correct address" and that "[f]ailing to provide the INS with a change of address will preclude the alien from claiming that the INS did not provide him or her with notice of a hearing." *Dominguez v. U.S. Atty. Gen.*, 284 F.3d 1258, 1260 (11th Cir. 2002).

5

In this case, there is no dispute that the DHS sent the notice of the hearing by regular mail to Lin's last known address in Flushing, New York, which was the address provided by Lin when he was released from DHS custody on December 3, 2004. Nor was there any dispute that Lin was informed of his obligation to provide his correct address and to immediately notify DHS of any changes in that address, and the consequences stemming from any failure to comply with this obligation.

Lin was personally served with the original NTA, which informed him of the requirement to immediately provide DHS with any address changes. Moreover, Lin admits that he did not provide any change of address to the DHS prior to the removal hearing. Accordingly, we conclude that notice was proper and neither the BIA nor the IJ abused their discretion in denying Lin's motion to reopen his *in absentia* removal hearing based on the sufficiency of notice. We also conclude that Lin's claim of ineffective assistance of counsel is without merit. First, notice of Lin's removal hearing was sent directly to Lin. By sending the notice of hearing to Lin's last address, the agency satisfied the statutory requirements of the INA. *See INA* §239(c), 8 U.S.C. § 1229(c); *Dominguez*, 284 F.3d at 1260.

Moreover, we conclude that Lin failed to meet the requirements for perfecting the claim of ineffective assistance of counsel. An alien seeking to raise the claim of ineffective assistance of counsel in immigration proceedings is

6

required to: (1) set forth the relevant facts in an affidavit; (2) inform counsel of the allegations and provide such counsel with an opportunity to respond; and (3) file a formal disciplinary complaint or explain why one has not been filed. *Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA 1998). We have held that the failure to comply with or, at a minimum, substantially comply with *Lozada* provides a reasonable basis for denying a motion to reopen. *Gbaya v. U.S. Atty. Gen.*, 342 F.3d 1219, 1221-22 (11th Cir. 2003). While Lin has arguably complied with the first two requirements of *Lozada*, he fails to comply with the third.

Finally, Lin argues that it was reasonable for him to assume that his attorney would report his new address to the immigration court. However, it is the alien's duty to keep the immigration court informed of his current address. *See* INA § 265(a), 8 U.S.C. § 1305(a); INA § 239(a)(1)(F)(ii); 8 U.S.C. § 1229(a)(1)(F)(ii); *see also Dominguez*, 284 F.3d at 1260 ("an alien has an affirmative duty to provide the government with a correct address").

It is undisputed that Lin was notified of his obligation to inform the immigration court of any change in address. Nevertheless, Lin failed to keep the immigration court informed of his current address. Thus, Lin's argument that his failure to appear was due to "exceptional circumstances" that were beyond his control is without merit.

For the above-stated reasons, we deny the petition for review.

**PETITION DENIED.**

7