[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11843
Non-Argument Calendar

_____

Agency No. A096-018-066

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2011
JOHN LEY
CLERK

LAWRENCE MELCHOIR FANFAIR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 14, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Lawrence Melchoir Fanfair, a native and citizen of Guyana, petitions for

review of the Board of Immigration Appeals's ("BIA's") denial of his motion to reopen his removal proceedings, pursuant to 8 C.F.R. § 1003.23(b), based on its finding that Fanfair failed to demonstrate that notice for the 2003 hearing he failed to attend was improperly served. On appeal, Fanfair argues that the BIA abused its discretion in denying his motion to reopen because it failed to consider pertinent evidence, chiefly his sworn affidavit, indicating that he had failed to receive notice of the 2003 hearing. After careful review, we deny the petition.

Where, as here, the BIA issues its an opinion affirming the Immigration Judge's ("IJ") ruling "for the reasons cited to therein," we will review both the BIA's and the IJ's orders. Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1275 (11th Cir. 2009) (reviewing the IJ's decision to the extent that the BIA found that its reasoning was supported by the record).

We review the BIA's denial of a motion to reopen for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). The BIA's discretion is quite broad, and review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation omitted). The BIA's factual findings are considered "conclusive unless a reasonable factfinder would be compelled to conclude to the contrary." Lonyem v. U.S Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). In the

2

context of a motion to reopen, whether an alien received sufficient notice of his removal hearing is a finding of fact. See Contreras-Rodriqugez v. U.S. Att'y Gen., 462 F.3d 1314, 1317 (11th Cir. 2006) (granting petition for review and remanding for the BIA to consider in the first instance whether petitioner received a sufficient notice of hearing before being removed in absentia).

Ordinarily, if an alien fails to appear for an asylum hearing, his application will be denied. 8 U.S.C. § 1229a(b)(5)(A); see also 8 C.F.R. § 1208.2(c)(3)(ii). But an alien may move to reopen proceedings at any time if his unexcused absence and the subsequent entry of an in absentia removal order resulted from a failure to properly notify him of the hearing and "the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C)(ii).

Service by mail is a proper form of notice. 8 U.S.C. § 1229(c). "Due process is satisfied so long as the method of notice is conducted in a manner reasonably calculated to ensure that notice reaches the alien." Dominguez v. U.S. Att'y Gen., 284 F.3d 1258, 1259 (11th Cir. 2002) (quotation omitted). An alien bears an affirmative responsibility to keep the agency informed of his correct, current address. 8 U.S.C. § 1305(a); Dominguez, 284 F.3d at 1260. Given this duty, "notice to the alien at the most recent address provided by the alien is sufficient notice," justifying an in absentia removal. Dominguez, 284 F.3d at 1260.

Here, the IJ's and BIA's determinations that Fanfair's affidavit, standing alone, was inadequate to demonstrate improper service was neither arbitrary nor capricious. As the records shows, immigration officials detained Fanfair upon his arrival in the United States in 2003 and notified him that his application for asylum had been referred to an IJ. Following release, the agency served Fanfair with a notice of an asylum hearing, scheduled for May 2003, by mailing it to the address it had on file for him: "2 Stephens Ct., Brooklyn, NY 11226-7514." Fanfair did not attend his hearing, and an IJ accordingly ordered him removed in absentia. In 2010, Fanfair filed the present motion to reopen his asylum proceedings before the IJ, on the grounds that he never received the 2003 notice of hearing, and provided a sworn affidavit indicating that the address he provided to immigration officials included an apartment number, whereas the notice of hearing included no such number.

However, both the BIA and IJ properly concluded that this affidavit was uncorroborated. While the address listed in the notice of hearing could be explained by agency officials' erroneous omission of an apartment number, Fanfair submitted no corroborating statement from his uncle that they lived together at that address at the time of his hearing. Indeed, he did not submit any evidence, beyond his self-serving statement, to show that "2 Stephens Court" even had apartments, much less that he actually lived in "Apt. 1." It would not have been difficult for Fanfair to

4

do so: by his own admission, he had been sentenced to probation for larceny in New York, which would have required him to produce an accurate, current address to his probation officer, who could then have submitted court records or served as an additional witness. See N.Y. Penal Law § 65.10(3)(a) and (c) (requiring as a mandatory condition of probation that a probationer make himself available to a probation officer at "his place of abode" and report any change of address).

Further supporting the soundness of the BIA's and IJ's decisions was the fact that they were based not only on Fanfair's evidence, but also on evidence in the available record that he did not submit, some of which tended to undermine his claim. In particular, Fanfair was personally served in 2003 with both a notice of referral and a notice of an earlier asylum hearing. These notices expressly provided warnings that if he did not appear for his asylum hearing, he risked receiving an in absentia order of removal. Fanfair did not maintain -- and the record does not reflect -- that he ever contacted agency officials to check on the status of his proceedings following his release. Rather, he waited until February 2010 to file a motion to reopen. Taking into consideration that Fanfair could file a motion at any time regarding improper notice, and assuming it to be true that he did not know about the removal order until he was detained in 2009, the significant lapse without any proactive interest in his pending immigration proceedings nonetheless detracts from his allegation that the notice of

5

appear was sent to the wrong address to begin with. Even assuming arguendo that Fanfair's supporting evidence made his claim a "close question," when we consider his affidavit against the contrary evidence, the BIA and IJ were not compelled to conclude that Fanfair's affidavit was sufficient to overcome the presumption that the agency sent the notice of hearing to the right address. See Lonyem, 352 F.3d at 1340. Accordingly, we deny the petition for review.

**PETITION FOR REVIEW DENIED.**