[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14584
Non-Argument Calendar

_____

BIA No. A74-931-845

KENARD DWIGHT JOHNSON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 15, 2007)

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Through counsel, Kenard Dwight Johnson, a Jamaican national, petitions for

review of the Board of Immigration Appeal's ("BIA") order denying his motion to reopen his proceedings on account of lack of notice. The former Immigration and Naturalization Service ("INS") issued Johnson a Notice to Appear ("NTA") by regular mail to Johnson's last known address, charging that he was subject to removal under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an immigrant who remained in the United States for a time longer than permitted. Johnson failed to appear before the Immigration Judge ("IJ") as ordered, and the IJ ordered Johnson, in absentia, removed to Jamaica. Johnson argues on appeal that an in absentia order of removal is inappropriate where the record reflects, as in this case, that he did not receive the NTA.

We review the BIA's denial of a petitioner's motion to reopen for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). The BIA's discretion is quite broad in this particular area. Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). The review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Ali, 443 F.3d at 808 (internal quotation omitted). Motions to reopen are disfavored in removal proceedings. INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724, 116 L.Ed.2d 823 (1992). Except to the extent that the BIA expressly adopts the IJ's opinion, we review only the BIA's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To

2

the extent the alien claims that the BIA's actions deprived him of due process, we review the constitutional challenges de novo. Ali, 443 F.3d at 808.

An in absentia order may be rescinded upon (1) "a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances," or (2) "a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien." Id. § 1229a(b)(5)(C); see 8 C.F.R. § 1003.23(b)(4)(ii). A motion to reopen "shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B).

"Due process is satisfied so long as the method of notice is conducted in a manner 'reasonably calculated' to ensure that notice reaches the alien." Dominguez v. U.S. Attorney General, 284 F.3d 1258, 1259 (11th Cir. 2002). Pursuant to 8 U.S.C. § 1229(a)(1), "written notice . . . shall be given in person to an alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) . . . ." 8 U.S.C. § 1229(a)(1). The written notice must contain, among other things, a statement requiring the alien to provide a home address and telephone number to the Attorney General, the time and place at which the proceedings will be held, and the consequences of failing to

appear. 8 U.S.C. §§ 1229(a)(1)(F)(i)-(iii), (G)(i)-(ii). "Service by mail . . . shall be sufficient if there is proof of attempted delivery to the last address provided by the alien . . . ." 8 U.S.C. § 1229(c). We have held that an alien's due process rights are not violated if the notice is mailed to the "last address provided by the alien." Dominguez, 284 F.3d at 1259-60.

At the time of Johnson's hearing, an alien had an affirmative duty to provide INS with written notification of a change in address within ten days of the change. 8 U.S.C. § 1305(a). "Failing to provide the INS with a change of address will preclude the alien from claiming that the INS did not provide him or her with notice of a hearing." Dominguez, 284 F.3d at 1260.

A removable alien who has been provided sufficient written notice of the proceedings pursuant to § 1229(a)(1) or (2), and who does not attend a proceeding under this section, shall be ordered removed in absentia. 8 U.S.C. § 1229a(b)(5)(A). Written notice "shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title." Id. "The statute clearly provides that notice to the alien at the most recent address provided by the alien is sufficient notice, and that there can be an in absentia removal after such notice." Dominguez, 284 F.3d at 1260.

Johnson relies on In re G-Y-R-, 23 I. & N. Dec. 181 (BIA 2001), to support

his argument that the notice sent by the INS was insufficient. In that case, the BIA held that notice sent to an address provided by an alien six years prior to the date of the NTA did not satisfy the statutory notice requirements and reasoned:

> If the alien actually receive[d] or can be charged with receiving [the NTA], then the address used by the Service qualifies as a section [1229(a)(1)(F)] address, and in absentia proceedings are thereafter authorized. If, however, we know that the alien did not receive the [NTA] and the notice of hearing it contains, then the alien cannot be on notice of either removal proceedings or the address obligations particular to removal proceedings. In that instance, the address used by the Service cannot qualify as a section [1229(a)(1)(F)] address, and the entry of an in absentia order is precluded.

In re G-Y-R-, 23 I. & N. Dec. at 189-90.

In this case, however, there was no violation of Johnson's due process rights. The NTA was mailed to Johnson's last known address provided to the INS. Because this statutorily authorized method of service was "reasonably calculated" to ensure proper notice, and because Johnson failed to appear at the scheduled hearing, the IJ was authorized to proceed in absentia.

The BIA did not abuse its discretion by denying Johnson's motion to reopen. Although the notice was returned as undeliverable, Johnson does not dispute that notice of the removal hearing was sent to his last known address provided to the INS. Further, Johnson had an affirmative obligation to update his address with the INS within ten days of any change. Because the NTA was mailed to Johnson's last known address and because Johnson failed to provide the INS with a change of

5

address, he is precluded from claiming that the INS did not provide him with notice of a hearing. Therefore, Johnson cannot demonstrate that the he did not receive notice in accordance with paragraph (1) or (2) of § 1229(a).

In re G-Y-R- is distinguishable in that the last known address provided to the INS there was six years old, whereas the last known address Johnson provided to the INS was in much more recent correspondence. In any event, Dominguez, a post-In re G-Y-R case, is controlling in this case.[1]

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we deny Johnson's petition for review.

**DENIED.**[2]

---

[1] Contrary to Johnson's argument, we conclude that Dominguez is not distinguishable.

[2] Johnson's request for oral argument is denied.