[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2007
THOMAS K. KAHN
CLERK

No. 06-16424
Non-Argument Calendar
_____

BIA No. A77-928-175

SOGJINDER SINGH,

                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 21, 2007)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

    Sogjinder Singh, a native and citizen of India, petitions for review of the final decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings after entry of an <u>in absentia</u> removal order by an

immigration judge ("IJ"). On appeal, Singh argues that the BIA erred by presuming effective service of the hearing notice without providing Singh with the opportunity to rebut the presumption. He also contends that the IJ erred by applying the standard for service by certified mail, which requires a showing of substantial and probative evidence to rebut the presumption of delivery, rather than the lower standard for service by regular mail, which Singh says his proffered evidence, including his own affidavit, satisfied. After careful review, we affirm.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not expressly adopt the IJ's rulings, so we review the BIA's order. We review the BIA's denial of a motion to reopen for an abuse of discretion. See Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of the exercise has been arbitrary or capricious." Id. (internal quotation and citation omitted).

In removal proceedings, "written notice . . . shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien . . .)." INA § 239(a)(1), 8 U.S.C. § 1229(a)(1). The notice must specify, among other things, the following: (1) the alien's responsibility to provide a valid address and immediately notify the government of any changes, (2) the consequences of

2

failing to appear at removal proceedings, and (3) the time and place at which the proceeding will be held. Id. §§ 1229(a)(1)(F)(i)-(iii), (G)(i)-(ii). If there is a change in the time or place of the removal proceedings, then written notice must be provided to the alien specifying the new time and place of the proceedings and the consequences of failing to attend. Id. § 1229(a)(2)(A).

If, after written notice has been provided as required under 8 U.S.C. § 1229(a)(1) and (2), an alien fails to appear as directed, then he "shall be ordered removed in absentia if [the government] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). "The written notice by the Attorney General shall be considered sufficient . . . if provided at the most recent address provided under section 1229(a)(1)(F) of this title." Id. The INA further provides that "[s]ervice by mail . . . shall be sufficient if there is proof of attempted delivery to the last address provided by the alien." INA § 239(c), 8 U.S.C. § 1229(c). We have found due process satisfied if the method of notice is conducted "in a manner reasonably calculated to ensure that notice reaches the alien." Dominguez v. U.S. Att'y Gen., 284 F.3d 1258, 1259 (11th Cir. 2002) (emphasis added). Notice sent to the alien at his most recent address provided is sufficient notice. Id. at 1260.

3

According to well-settled administrative law, a removal hearing can proceed without the alien's attendance, despite that written notice was not delivered, if delivery was attempted at the last address provided by the alien under INA § 239(a)(1)(F). In re G-Y-R-, 23 I & N Dec. 181, 186-87 (BIA 2001)(en banc). The BIA has held that an address qualifies as an INA § 239(a)(1)(F) address only if the alien has been informed of his statutory address obligations and the consequences of failing to provide a current address. Id. at 187.

Here, the BIA did not abuse its discretion by denying Singh's motion to reopen. Our review of the record reveals that Singh received personal service of his Notice to Appear and the original hearing notice. The Notice to Appear explained both Singh's responsibilities and the consequences of failing to attend his hearing. Moreover, the date and time of Singh's hearing and the consequences of failing to attend were explained in both English and Punjabi. The details of Singh's hearing changed and written notice was sent to the most recent address that Singh had supplied. Quite simply, the written notice sent to the address Singh last provided under INA § 239(a)(1)(F) constituted sufficient notice. We are unpersuaded by Singh's arguments that the IJ used an improper standard to evaluate his evidence, and that the BIA failed to address the IJ's error. Our review concerns the BIA decision and, on this record, it is clear that the BIA did not abuse its discretion by finding that proper notice was sent because it was sent to the last

4

address provided by Singh after he had been advised of his address obligations. There is no indication that the BIA applied an erroneous presumption as to the service on Singh.[1]

**PETITION DENIED.**

---

[1] We are unpersuaded by Singh's additional suggestion that he <u>never</u> provided immigration officials with an address.  If he never provided an address, despite having notice of his obligations to do so, our conclusion would be the same because notice may be presumed and a removal hearing may proceed without the alien's presence where he has not complied with his address-filing requirements. Notably, <u>no</u> written notice is required if the alien fails to provide the address required under § 239(a)(1)(F) of the INA.  <u>See</u> INA § 240(b)(5)(B), 8 U.S.C. § 1229a(b)(5)(B).