[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14612
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2010
JOHN LEY
CLERK

Agency No. A098-946-377

YOUN MUN HEE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 3, 2010)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Youn Mun Hee, a citizen of South Korea, petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") order denying his motion to reopen removal proceedings. After review, we deny the petition for review.

## I. BACKGROUND FACTS

In June 2006, Hee was discovered in the United States after he was arrested by police in DeKalb County, Georgia. On June 27, 2006, an immigration official interviewed Hee and prepared a Form I-213 "Record of Deportable/Inadmissible Alien." Hee admitted that he had entered the United States illegally by walking across the U.S. border with Canada, stated that he was amenable to removal and requested a hearing before an Immigration Judge. During the interview, Hee reported his address as 908 Glenridge Lane in Nashville, Tennessee.

On the same day, Hee was served with a Notice to Appear ("NTA") indicating that his hearing would be in Atlanta, Georgia at a date and time to be set. The NTA also listed Hee's address as 908 Glenridge Lane in Nashville and indicated that his notice of the hearing would be sent to the address Hee had provided. The NTA warned Hee, inter alia, that: (1) he was "required to provide the [Immigration and Naturalization Service ("INS")], in writing, with [his] full mailing address and telephone number"; (2) if his address or telephone number changed during the course of immigration proceedings, Hee must "notify the

2

Immigration Court immediately by using Form EOIR-33"; (3) if Hee failed to submit Form EOIR-33 and did not "otherwise provide an address" at which he could be reached, the government was not required to provide him with written notice of his hearing; and (4) if Hee failed to appear at his hearing, the Immigration Judge might enter a removal order in his absence.

On July 15, 2008, Hee's wife, a naturalized United States citizen, submitted a Form I-130 "Petition for Alien Relative," to the Department of Homeland Security ("DHS") so that Hee could apply for an adjustment of status to that of a lawful permanent resident. Hee's wife was represented by counsel in connection with the Form I-130 petition. On the form, Hee's wife indicated that Hee's address was 6734 Mimosa Circle in Tucker, Georgia and that he had lived at that address since October 2007. Hee's wife also indicated on the form that Hee was in removal proceedings in Atlanta in May 2008. Nowhere on the form did Hee's wife indicate that Hee's Tucker, Georgia address was a change of address.

On July 23, 2008, the Immigration Court mailed a Notice of Hearing ("NOH") to Hee's Nashville, Tennessee address, stating that Hee's hearing would be held on September 17, 2008. The NOH was returned as "not deliverable." The return envelope indicated that it could not be forwarded. When Hee failed to appear at his hearing, the IJ ordered Hee removed in absentia.

In December 2008, Hee moved the IJ to reopen his removal proceedings and rescind the in absentia removal order. Hee argued that he did not receive proper notice of the hearing because the NOH was not sent to his Tucker, Georgia address listed on the Form I-130. The IJ denied the motion, finding that the NOH was sent to the address Hee provided to immigration officials when he was apprehended, as indicated on the NTA. The IJ concluded that Hee had failed to notify the Immigration Court of his address change and, thus, was not entitled to have his removal order rescinded.

Hee appealed to the BIA, arguing that he notified the Attorney General of his address change via the Form I-130 and that notice of a new address need not be on a Form EOIR-33 to be valid. The BIA dismissed Hee's appeal. The BIA concluded that Hee had "failed to notify the Court of his change of address by filing a Form EOIR-33" and agreed with the IJ that notice of the hearing "was adequate because the NOH was sent to the last address of record." Hee filed this petition for review.

## II. DISCUSSION

An alien who seeks to reopen removal proceedings following the entry of an in absentia removal order must demonstrate either exceptional circumstances or that the alien did not receive proper notice under 8 U.S.C. § 1229(a)(1) or (2). INA

4

§ 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C).[1]  Hee does not contend that he has shown exceptional circumstances, but argues that his notice of the hearing was not proper under § 1229(a)(2).[2]

Under § 1229(a)(1), an alien in removal proceedings must be provided with written notice of the time or place of the alien's hearing.  INA § 239(a)(1)(G)(i), 8 U.S.C. § 1229(a)(1)(G)(i).  Pursuant to § 1229(c), this notice is effective if sent by mail "to the last address provided by the alien in accordance with subsection (a)(1)(F)."  Id. § 239(c), 8 U.S.C. § 1229(c).

If such written notice is provided, but the alien nonetheless fails to attend the hearing, that alien shall be removed in absentia if the government proves that notice was sent and that the alien is removable.  INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A).  Due process is satisfied "so long as the method of notice is conducted in a manner reasonably calculated to ensure that notice reaches the

---

[1]We review the denial of a motion to reopen for abuse of discretion.  See Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999).  "In this particular area, the BIA's discretion is quite broad."  Id.  (internal quotation marks omitted).  Our review is limited to whether the exercise of discretion was "arbitrary or capricious."  Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).  The BIA's legal determinations are reviewed de novo.  Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195 (11th Cir. 2006).  Where, as here, the BIA did not expressly adopt the IJ's decision or reasoning, we review only the BIA's decision.  See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

[2]In the context of a motion to reopen an in absentia removal order, our jurisdiction to review is limited to: (1) the validity of the notice provided to the alien; (2) the reasons why the alien did not attend the proceeding; and (3) whether the alien is removable.  INA § 240(b)(5)(D), 8 U.S.C. § 1229a(b)(5)(D).  Thus, we have jurisdiction to review Hee's claim that he failed to appear because he did not receive valid notice of the hearing.

alien." U.S. Att'y Gen. v. Dominguez, 284 F.3d 1258, 1259 (11th Cir. 2002) (quotations marks omitted) (concluding that a handwritten note that an alien was "staying with" her cousin at a particular address did not satisfy the requirement to provide the Attorney General with written notice of a change of address). Thus, when the alien has failed to appear, "written notice by the Attorney General shall be considered sufficient . . . if provided at the most recent address provided under section 1229(a)(1)(F)." INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A); see Dominguez, 284 F.3d at 1260-61.

Section 1229(a)(1)(F)(ii) imposes upon the alien an affirmative duty to "provide the Attorney General immediately with a written record" of his change of address. INA § 239(a)(1)(F)(ii), 8 U.S.C. § 1229(a)(1)(F)(ii); Dominguez, 284 F.3d at 1260-61. The regulation implementing this statutory provision requires the alien to provide "written notice of the change of address on Form EOIR-33 to the Immigration Court where the charging document has been filed." 8 C.F.R. § 1003.15(d)(2).

On appeal, Hee argues he satisfied his duty to inform the Attorney General of his change of address when his wife submitted the Form I-130 "Petition for Alien Relative," to DHS and, therefore, his NOH should have been sent to his Tucker, Georgia address. We disagree.

Although the Form I-130 Hee's wife submitted to DHS gave Hee's Tucker, Georgia address, the form did not give any indication at all that the Tucker, Georgia address was a <u>new</u> address or that Hee's address had <u>changed</u> since his removal proceedings began and he provided the Nashville, Tennessee address. Indeed, because the Form I-130 indicates that Hee has lived at the Tucker, Georgia address since October 2007 and incorrectly states that Hee's removal proceedings began in May 2008 (when in fact they began in June 2006), from the face of the form it appears Hee's address has <u>not</u> changed since removal proceedings began. For these reasons, even assuming <u>arguendo</u> a Form I-130 could be used to make the required change-of-address notification, the contents of the particular Form I-130 Hee's wife submitted were insufficient to constitute a written record of an address change within the meaning of § 1229(a)(1)(F)(ii).[3]

Given that the Immigration Court mailed the NOH to Hee's address in Nashville, Tennessee, the last address Hee provided, the government's notice was sufficient under 8 U.S.C. § 1229a(b)(5)(A) and § 1229(c). Accordingly, there is no

---

[3]Because we conclude that the contents of the particular Form I-130 Hee's wife submitted were insufficient to notify the Attorney General of Hee's address change, we need not address Hee's argument that the BIA erred in requiring his change-of-address notification to be on Form EOIR-33 and that 8 C.F.R. § 1003.15(d)'s requirement that aliens use Form EOIR-33 goes beyond § 1229(a)(1)(F)(ii) and is an unreasonable interpretation of that statute. We likewise do not address the government's argument that submitting the Form I-130 was insufficient to notify the Attorney General because it was sent to DHS, which is not a component of the Department of Justice or a delegate of the Attorney General.

basis to conclude that the BIA abused its discretion in denying Hee's motion to reopen.

**PETITION DENIED.**