[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS  K. KAHN
CLERK

No. 04-14661
Non-Argument Calendar
_____

BIA No. A75-367-766

DRITAN VOLOTI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review from a Decision
of the Board of Immigration Appeals

_____

**(June 10, 2005)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner, Dritan Voloti, a native and citizen of Albania, seeks review of

the orders of the Board of Immigration Appeals ("BIA") and the Immigration

Judge ("IJ") denying his motion to reopen a final order of removal entered in absentia. Because Petitioner's removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), this case is governed by the permanent provisions of the Immigration and Naturalization Act ("INA"), as amended by IIRIRA. Gonzalez-Oropeza v. United States Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

Petitioner contends that the IJ erred in finding that he was provided proper notice of his removal proceedings because the notice to appear was not sent to his current address.[1] He cites Matter of G-Y-R, 23 I&N Dec. 181 (BIA 2001), and its progeny for the proposition that a respondent cannot be ordered removed in absentia where the Immigration and Naturalization Service ("INS") used an old address in serving the notice to appear and failed to warn the respondent of the consequences of failing to inform the government of a change of address. Petitioner also contends that Dominguez v. U.S. Attorney Gen., 284 F.3d 1258 (11th Cir. 2002) (holding that notice to an alien at the most recent address provided by the alien is legally sufficient), is distinguishable from his case, in that

---

[1] The notice to appear listed Voloti's address as "315 Hilderbrand Drive, Apt. C1, Atlanta, GA 30328." Voloti contends that, following his asylum interview, he had moved from the Hilderbrand address to 520 Sutters Point, Atlanta, Georgia 30328.

Dominguez's affidavit was uncorroborated whereas his claims that he repeatedly contacted the INS are supported by his wife's statements and the fact that his brother had been recommended for approval under similar circumstances.

We review a ruling on a motion to reopen for an abuse of discretion. Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999). We review the BIA's decision, except to the extent that the BIA expressly adopts the IJ's decision, in which case we review the IJ's decision to the extent it is adopted. Id.

> Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien . . . does not attend a proceeding under this section, shall be ordered removed in absentia if the [INS] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable. The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title [providing that notice to the alien must specify the requirement that the alien immediately notify the Attorney General of any change of address].

8 U.S.C. § 1229a(b)(5)(A).[2] Such a removal order may be rescinded upon a motion to reopen "filed at any time if the alien demonstrates that the alien did not

---

[2] In turn, paragraphs (1) and (2) of Section 1229(a) provide that a notice to appear must specify the following information: (1) the nature of the proceedings against the alien and the legal authority for such proceedings; (2) the alleged violations; (3) counsel rights; (4) alien address requirements; (5) the time and place at which the proceedings will be held; (6) the consequences for failure to appear; and (7) any changes in the time or place of the proceedings. 8 U.S.C. §§ 1229(a)(1), (2).

3

receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title." 8 U.S.C. § 1229a(b)(5)(C)(ii).

The notice specified in § 1229(a) is effective if sent to the "last address provided by the alien." 8 U.S.C. § 1229(c). An alien has an affirmative duty to provide the government with a correct address. 8 U.S.C. § 1305(a). Thus, "[t]he statute clearly provides that notice to the alien at the most recent address provided by the alien is sufficient notice, and that there can be an in absentia removal after such notice." Dominguez v. U.S. Attorney Gen., 284 F.3d 1258, 1260 (11th Cir. 2002).

Here, the IJ did not err in finding that Petitioner was provided proper notice of his removal proceedings. Petitioner does not dispute that notice of the removal hearing was sent to the most recent address he provided in writing pursuant to the foregoing statutory requirements, and the certificate of service on the notice to appear indicates that service was effected by certified mail to his Hilderbrand address. Rather, he contends that notice was improper because it was not sent to his then-current address. Petitioner does not represent, however, that he provided in writing his change of address, as required by § 1305(a). See 8 U.S.C. § 1305(a). Therefore, it is clear that the notice of the removal hearing was properly

sent to the most recent address petitioner provided in writing, and the in absentia removal after such notice was proper. See Dominguez, 284 F.3d at 1260.

Further, we conclude that his argument that Dominguez is distinguishable from his case is without merit. He says that Dominguez is distinguishable because Dominguez's affidavit was uncorroborated, whereas his claims—that he repeatedly contacted the INS—are supported by his wife's statements and the fact that his brother had been recommended for approval under similar circumstances. However, the issue of corroboration in Dominguez went to whether the alien had provided sufficient written notice of her change in address. See Dominguez, 284 F.3d at 1260-61. Here, Petitioner does not claim that he attempted to change his address with the INS prior to the issuance of the notice to appear. That is, even if we were to believe his claims that he repeatedly contacted the INS, it would not effect the disposition of the issue of whether notice to his old address was improper, where he failed to provide the INS with a current address.

Finally, Petitioner's argument that notice to his old address is improper under Matter of G-Y-R is without merit. In that case, the BIA held that notice sent to an address provided by an alien six years prior to the date of the notice did not satisfy the statutory notice requirements. Matter of G-Y-R is distinguishable from the instant case in that, in that case, six years had elapsed from the time the

address was given and notice was sent; whereas, here, Petitioner does not dispute the IJ's findings that he had provided the address to which the notice to appear was mailed on a form submitted to the INS on September 26, 1997, or a mere two and one-half months prior to the date of the notice to appear.

PETITION DENIED.