# Matter of Jorge ANYELO, Respondent

File A089 212 465 - Miami, Florida

*Decided September 13, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The holding in *Matter of G-Y-R-*, 23 I&N Dec. 181 (BIA 2001), as to the notice required to authorize the entry of an in absentia order, is applicable to cases arising in the Eleventh Circuit. *Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258 (11th Cir. 2002), distinguished.

FOR RESPONDENT: Anthony Alvarez, Esquire, Miami, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Brandon Josephsen, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, ADKINS-BLANCH, and GUENDELSBERGER, Board Members.

PAULEY, Board Member:

The respondent, a citizen of Venezuela, was ordered removed from the United States in absentia on February 18, 2010, after failing to appear at a hearing. He filed a motion to reopen on March 26, 2010, but the Immigration Judge denied it on March 29, 2010. The respondent filed a motion to reconsider on April 14, 2010. The Immigration Judge denied the motion on April 15, 2010, and the respondent has appealed. The appeal will be sustained and the record will be remanded to the Immigration Judge.

Under 8 C.F.R. § 1003.1(d)(3) (2010), we defer to an Immigration Judge's factual findings unless they are clearly erroneous, but we retain independent judgment and discretion, subject to applicable governing standards, regarding pure questions of law and the application of a particular standard of law to those facts. *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008). We decide this appeal de novo. We further apply the principles for reconsideration set forth in *Matter of O-S-G-*, 24 I&N Dec. 56 (BIA 2006).

The respondent indicates in his appeal that he received neither the Notice to Appear (Form I-862) nor the notice of hearing. Both documents were sent to the respondent through regular mail to the address that he acknowledges on appeal was the last address that he provided to the Department of Homeland

Security ("DHS").  He states that he moved from that address in 2008, and he provided a change of address form to the post office.

In *Matter of G-Y-R-*, 23 I&N Dec. 181 (BIA 2001), we held that entry of an in absentia order of removal is inappropriate where the record reflects that the alien did not receive, or could not be charged with receiving, the Notice to Appear that was served by mail at an address obtained from documents filed with the DHS several years earlier.  We found that section 239(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1) (Supp. V 1999), authorizes the entry of an in absentia order only after the respondent receives the warnings and advisals contained in the Notice to Appear.  *See Matter of G-Y-R-*, 23 I&N Dec. at 187.

Thereafter, without alluding to our decision in *Matter of G-Y-R-*, the United States Court of Appeals for the Eleventh Circuit found that aliens have an affirmative duty to notify the Government of a change of address. *Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258 (11th Cir. 2002).  Because the DHS had provided notice to the most recent address provided by the alien in that case, the court held that she received proper notice.  *Id*. at 1260. In reaching that conclusion, the Eleventh Circuit stated that an alien's failure to provide a change of address will preclude the alien from claiming that the DHS did not provide proper notice.

We have consistently applied our decision in *Matter of G-Y-R-* in every circuit except the Eleventh, as a result of the seemingly contradictory ruling in the *Dominguez* decision.  For the following reasons, we now find that our decision in *Matter of G-Y-R-* should be applied uniformly in cases like this one arising within the Eleventh Circuit.

Interpreting the phrase, "address provided under section 239(a)(1)(F) of the Act," in section 240(b)(5) of the Act, 8 U.S.C. § 1229a(b)(5) (Supp. V 1999), we determined in *Matter of G-Y-R-* that an Immigration Judge's authority to enter an in absentia order of removal was contained in that section. We further held that the Immigration Judge could exercise that authority *only* if it was established that the written notice complied with section 239(a), which requires the notice to contain warnings and advisals that the alien "must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 240."  Section 239(a)(1)(F) of the Act.

The Eleventh's Circuit's decision in *Dominguez* was primarily devoted to the issue of due process rather than statutory interpretation.  In that regard, it  noted an alien's affirmative duty to provide the Government with a correct address.  *See* section 265 of the Act, 8 U.S.C. § 1305 (2006).  It also cited section 239(c) of the Act, which states that service by mail is sufficient if there is proof of attempted delivery at an alien's last known address provided in accordance with section 239(a)(1)(F) of the Act.

We do not disagree with the Eleventh Circuit's determination that due process would not be violated by a statute that found notice adequate if sent to an alien's last provided address. However, we held in *Matter of G-Y-R-*, and we reaffirm here, that section 240(b)(5) is not such a statute and that an Immigration Judge therefore has no authority to order an alien's removal from the United States in absentia unless the alien has received (or can be properly charged with receiving),[1] at his last provided address, the section 239(a)(1)(F) warnings and advisals contained in the Notice to Appear.[2]

We do not believe that *Dominguez* is inconsistent with *Matter of G-Y-R-*. We acknowledge that the Eleventh Circuit's decision states that the "statute clearly provides that notice to the alien at the most recent address provided by the alien is sufficient notice." *Dominguez v. U.S. Att'y Gen.*, 284 F.3d at 1260. However, the only authority cited in support of that assertion is section 240(b)(5)(B) of the Act, which states that no written notice shall be required if the alien has failed to provide an "address required under section 239(a)(1)(F)." Thus, the court in *Dominguez* never considered our holding in *Matter of G-Y-R-* that an address does not qualify as one provided under section 239(a)(1)(F) unless the notice with the necessary warnings and advisals was received at the most recent address provided. Accordingly, we find it appropriate to apply our decision in *Matter of G-Y-R-* to cases arising in the Eleventh Circuit.

The question remaining is whether these proceedings should be reopened. It is undisputed that the respondent did not receive the Notice to Appear, even though it was sent to his last known address, and that he did not update the DHS with his current mailing address after he moved in 2008. Notwithstanding, the respondent cannot be charged with getting adequate notice under *Matter of G-Y-R-*, because he did not receive the Notice to Appear containing the required warnings and advisals instructing him as to his obligations to advise the Attorney General (not merely the post office) of any change of address. *Matter of G-Y-R-* therefore controls. Accordingly, the respondent's appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

---

[1] We noted in *Matter of G-Y-R-*, 23 I&N Dec. at 189, that an alien may be deemed to have received a document even if he did not personally receive, read, and understand the Notice to Appear, as, for example, where the mailing "reaches the correct address but does not reach the alien through some failure in the internal workings of the household."

[2] If an alien who is not detained has received the warnings and advisals in the Notice to Appear and subsequently fails to provide the address required by section 239(a)(1)(F), any initial or further written notice of the time or place of the proceedings is not required. *See* section 239(a)(2)(B) of the Act.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**   The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.