# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-3724
_____

Patrick Onyebuchi Osuji

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: July 26, 2021
Filed: August 4, 2021
[Unpublished]
_____

Before SHEPHERD, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Nigerian native and citizen Patrick Onyebuchi Osuji entered the United States on a nonimmigrant visitor visa and soon thereafter married his first wife, a United States citizen. He applied for adjustment of status based on this marriage, but the United States Citizenship and Immigration Services (USCIS) denied his application after his wife withdrew her concurrently filed Petition for Alien Relative. A few

months later, the Department of Homeland Security (DHS) initiated removal proceedings by issuing a Notice to Appear (NTA) charging Osuji with removability under 8 U.S.C. § 1227(a)(1)(B), because he remained beyond his authorization period. The NTA warned him of the consequences of failing to appear or failing to update his address, including possible in absentia removal. It was sent by certified mail, return receipt requested, to the address Osuji provided to the USCIS, and the receipt was returned signed. Soon thereafter, the immigration court separately sent a Notice of Hearing (NOH), which provided details of his initial hearing, by regular delivery to the same address. There is no indication in the record that the NOH was not delivered. When Osuji failed to appear for his removal proceedings, an immigration judge ordered him removed in absentia to Nigeria. *See* 8 U.S.C. § 1229a(b)(5)(A)–(B).

Three years later, Osuji filed a motion to reopen his removal proceedings and rescind his in absentia removal order based on lack of notice. *See id.* § 1229a(b)(5)(C). He asserted he did not receive the NTA or NOH because he separated from his first wife and moved out of state before they were sent, he had no knowledge of the proceedings or his removal order, and he was eligible for adjustment of status based on his marriage to his second wife. The immigration judge initially granted reopening prematurely, before DHS had an opportunity to respond, but later vacated its order and denied reopening. The BIA dismissed Osuji's appeal. Osuji petitions for review, arguing his motion should have been granted under *Matter of G-Y-R-*, 23 I. & N. Dec. 181 (BIA 2001), and his due process rights were violated.

Having reviewed the record and the parties' arguments, we conclude the agency did not abuse its discretion in denying Osuji's motion to reopen. *See Kucana v. Holder*, 558 U.S. 233, 243–53 (2010) (standard of review); *Diaz v. Lynch*, 824 F.3d 758, 760 (8th Cir. 2016). Noncitizens have a general duty to provide prompt written notification of an address change to the Attorney General. *See* 8 U.S.C. §§ 1229(a)(1)(F), 1305(a); *Sousa v. Ashcroft*, 393 F.3d 271, 275 (1st Cir. 2005);

*Voloti v. U.S. Att'y Gen.*, 134 F. App'x 377, 378–79 (11th Cir. 2005) (unpublished) (citing *Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258, 1260 (11th Cir. 2002)). Even assuming *G-Y-R-* is entitled to deference, an issue we do not decide here, we conclude that Osuji's case is distinguishable. Unlike in *G-Y-R-*, Osuji could be charged with constructive notice of his NTA because DHS effectuated service by certified mail to a written address he provided a few months–not years–before being sent his NTA, which was not returned as undeliverable. *See Qi Hu Sun v. U.S. Att'y Gen.*, 543 F. App'x 987, 988–91 (11th Cir. 2013) (unpublished); *Gonzalez v. U.S. Att'y Gen.*, 154 F. App'x 169, 173 (11th Cir. 2005) (unpublished). Osuji produced no evidence that his first wife did not sign for the NTA. *See Patel v. Holder*, 652 F.3d 962, 968–970 & n.4 (8th Cir. 2011) (discussing the strong presumption of delivery by certified mail). Accordingly, Osuji had constructive notice of his NTA and of his obligation under § 1229(a)(1)(F) to immediately notify the Attorney General in writing of any change in his address. Because he failed to do so, written notice of a change in the time or place of his proceedings was therefore not required. *See* 8 U.S.C. § 1229(a)(2)(B). As a result, the agency did not abuse its discretion when it concluded Osuji received sufficient notice of his proceedings.

After de novo review, we further conclude the immigration judge did not violate Osuji's rights by not offering him an opportunity to reply to DHS's opposition to his motion to reopen, for he made no attempt to do so. *See Ramirez v. Sessions*, 902 F.3d 764, 770, 772 (8th Cir. 2018) (standard of review; a noncitizen must demonstrate both a fundamental error and prejudice to establish a due process violation). Osuji, moreover, had no protected liberty interest in a motion to reopen to obtain the discretionary adjustment-of-status relief he sought. *See Nativi-Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir. 2003). Finally, to the extent Osuji suggests the immigration judge and BIA erred by not exercising their discretionary authority to grant reopening sua sponte, we lack jurisdiction to review this challenge absent a colorable constitutional claim. *See Tamenut v. Mukasey*, 521 F.3d 1000, 1001, 1004–05 (8th Cir. 2008) (en banc).

-3-

Accordingly, we deny the petition for review.

_____