Roberto PASCUAL-FRANCISCO,
Petitioner,

v.

**U.S. ATTORNEY GENERAL,**
Respondent.

No. 16-11381
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(February 8, 2017)

Virginia Lum, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, Jamie B. Naini, Law Offices of Jamie B. Naini, Bartlett, TN, for Petitioner

Brooke Maurer, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, OIL, Office of Immigration Litigation, Washington, DC, Alfie Owens, DHS/ICE Office of Chief Counsel—ATL, Atlanta, GA, for Respondent

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Roberto Pascual-Francisco seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his motion to reopen in-absentia removal proceedings based upon lack of notice and the BIA's sua sponte authority. On appeal, Pascual-Francisco argues that: (1) he never received notice of his April 1, 1994 removal hearing; (2) he did not understand the Order to Show Cause (the "Order"), because he spoke little Spanish or English at the time of his entry unto the United States; and (3) he is now married to a U.S. citizen wife and has seven U.S. citizen children. After thorough review, we deny the petition in part, and dismiss it in part.

We review the BIA's denial of a motion to reopen for abuse of discretion. Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation omitted).

Under former section 242B(c)(3) of the Immigration and Nationality Act ("INA"),[1] an in-absentia deportation order may only be rescinded under three circumstances: (1) upon a motion to reopen filed 180 days after the date of the order of deportation, if the alien demonstrates that the failure to appear was because of exceptional circumstances; (2) upon a motion filed at any time, if the alien demonstrates that he did not receive proper notice; or (3) upon a motion filed at any time, if the alien demonstrates that he was in federal or state custody and did not appear through no fault of the alien. 8 U.S.C. § 1252b(c)(3)

(1994). Written notice of the time and place of proceedings and of the consequences for failure to appear must be given in person to the alien, or, if personal service is not practicable, by certified mail. Id. § 1252b(a)(2) (1994). Written notice is sufficient under § 1252b if it is sent to the most recent address provided by the alien. Id. § 1252b(c)(1) (1994). Additionally, a notice sent to the alien's last known address satisfies due process. Dominguez v. U.S. Att'y Gen., 284 F.3d 1258, 1260 (11th Cir. 2002). An alien must notify the Attorney General of any change in address within ten days. 8 U.S.C. § 1305(a).

We lack jurisdiction to consider arguments not raised before the BIA. Amaya–Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). We also lack jurisdiction to consider the BIA's denial of a motion to reopen based on its sua sponte authority. Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1293–94 (11th Cir. 2008).

█ Here, the BIA did not abuse its discretion in refusing to reopen his case. As the record shows, on July 9, 1993, the Immigration and Naturalization Service issued an Order to Show Cause, alleging that Pascual-Francisco was subject to deportation under 8 U.S.C. § 1231(a)(1)(B), for entering the United States without inspection. The Order was written in English and Spanish, read to Pascual-Francisco in Spanish, and was personally served on Pascual-Francisco, as evidenced by his fingerprint and signature. Pascual-Francisco provided an address in South Carolina in the Order. The Order also explained the consequences of failing to attend the deportation hearing, and noted that Pascual-Francisco needed to provide written notice

1. Although the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") amended 8 U.S.C. § 1252b (1994), that section continues to govern in

this case because Pascual-Francisco's proceedings commenced before IIRIRA's effective date. See IIRIRA § 309(c).

within five days of any change in address. Thereafter, on October 6, 1993 and November 22, 1993, hearing notices were sent via certified mail to Pascual-Francisco's South Carolina address, the last notice scheduling a hearing for April 1, 1994. The postal service returned both hearing notices to the immigration court, checking "Attempted-Not Known" in the return to sender box. On April 1, 1994, Pascual-Francisco failed to appear for his immigration hearing, and the immigration judge ordered him removed in absentia.

On this record, we cannot say that the BIA abused its discretion in refusing to reopen his case based on lack of notice. Indeed, when the immigration court sent notices of the hearing to Pascual-Francisco's last known address, the requirements of § 1252b and due process were satisfied. 8 U.S.C. § 1252b(c)(1) (1994); Dominguez, 284 F.3d at 1260. Moreover, the earlier Order that was read to him and personally served on him explained the consequences of failing to attend the deportation hearing, and of his statutory obligation to notify the Attorney General of any change in address. 8 U.S.C. § 1305(a).

As for Pascual-Francisco's argument that he did not understand the Order, we lack jurisdiction to consider it because he did not exhaust the argument before the BIA. Amaya–Artunduaga, 463 F.3d at 1250. It is also well established that we do not have jurisdiction to consider the BIA's denial to reopen based upon its sua sponte authority. Lenis, 525 F.3d at 1293–94.

**PETITION DENIED IN PART, DISMISSED IN PART.**